JESS McCLURE v. THE STATE.

No. 9626.   Delivered January 27, 1926.

Rehearing denied February 24, 1926.

1.—Sale of Intoxicating Liquor—Juror Challenge for Cause—Properly Sustained.

Where a juror on his voir dire examination said that he was prejudiced against the whiskey law, and that the penalty was too severe for the offense, the court properly sustained the challenge for cause to this juror by the state.   If he was prejudiced against the law this was a proper ground of challenge for cause.

2.—Same—Practice in Trial Court.

Where the indictment upon which appellant was on trial contained five counts, but one of which was submitted in the court's charge, there was no error in permitting the jury to take with them in their retirement the indictment containing all of the counts, no injury to appellant being shown.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Jas. D. Buster* of Sherman, for appellant.

*Sam. D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is selling intoxicating liquor and the punishment is confinement in the penitentiary for one year.

Appellant complains because the court sustained a peremptory challenge urged by the state to the juror O'Shields.

The court qualifies this bill by stating that the juror said that he was prejudiced against the whiskey law and that the penalty was too severe for the offense. Under this qualification, the court did not abuse his discretion in sustaining a challenge for cause to this juror. If he was prejudiced against the law, this was a proper ground of challenge for cause.

The court did not err in refusing to instruct the jury on the question of appellant being an innocent agent. Elam v. State, 16 Tex. Crim. App. 39; Knight v. State, No. 9697.

Appellant also complains because the court permitted the jury to take with them in their retirement the bill of indictment which contained counts four and five which counts had been quashed. If any error is shown in this matter it is not of sufficient importance to reverse this case. The appellant re-received the lowest penalty under testimony clearly showing his guilt and which testimony was in no wise disputed. It is also true that the court certifies in explaining this bill that no testimony was offered to show that the jury ever read counts four and five after they had retired to consider their verdict.

The evidence being amply sufficient and no errors appearing in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion appellant raises no new question, presents no additional authorities nor argument which leads us to conclude our disposition of the case was erroneous.

*Overruled.*