## GROSSFELD *v.* BRAVERMAN
[No. 56, October Term, 1953.]

*Decided January 8, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Morton E. Rome,* with whom were *H. Ross Black, Jr.,* and *Rome & Rome,* on the brief, for the appellant.

*Max R. Israelson* and *Melvin J. Sykes,* with whom was *Joseph I. Pines* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The sole question raised on this appeal is whether the court erred in propounding certain questions to prospective jurors on their *voir dire.* The appellee has moved to dismiss the appeal on the ground that the appellant has failed to print in his appendix the evidence relating to the merits of the case. We think it was unnecessary to print such evidence, where the appellant does not challenge the sufficiency of the evidence; the questions objected to are printed, and the nature of the case is apparent. The motion is denied.

As the court stated to the jury panel, the action was "one in which the Plaintiff requests damages for injuries which she sustained while riding as a passenger, an invited guest in an automobile of her brother, alleged to have been caused by the brother's negligence. The plaintiff is the sister of the Defendant. It has been requested by counsel that certain questions be propounded to the Jurors, * * *. You have an exception to this, Mr. Black. I am doing it at the request and insistence of counsel for the Plaintiff." The questions

had previously been submitted to the court and to opposing counsel.

The court then put to the panel of jurors the following questions:

"(1) Do any of the members of the jury have any preconceived objections to a suit by a passenger, an invited guest, against the driver that would prevent you from fairly and impartially deciding such a case? If any of the jurors do raise your hand." One member of the panel raised his hand, and his name was stricken by the Clerk.

"(2) Do any of the jurors have preconceived objections to a suit by a sister against her brother which would prevent you from fairly and impartially deciding such a case?" There was no response.

"(3) If, in your opinion, the evidence in the case warrants a verdict for the plaintiff, the sister, are there any members of the jury who could not fairly and impartially assess damages in the case in view of the fact that the parties are related as sister and brother? If any members feel that they cannot fairly and impartially assess the damages raise their hand?" No one raised his hand. Thereupon the respective counsel struck a jury which was duly impanelled and the trial ensued, resulting in a verdict of $33,000 in favor of the plaintiff. The appellant does not dispute the sufficiency of the evidence to show negligence on the part of the defendant, and that the appellee received a serious and permanent spinal injury. The sole contention is that the questions propounded were an abuse of the trial court's discretion and were prejudicial.

It is well settled that it is proper for the court to propound submitted questions to jurymen. *Emery v. F. P. Asher, Jr. & Sons, Inc.*, 196 Md. 1, 7. It is also settled that the scope of the questions posed is largely in the discretion of the trial court. *Corens v. State*, 185 Md. 561, 564. The purpose of the inquiry is to ascertain the existence of cause for disqualification and for no other purpose. *Adams v. State*, 200 Md. 133, 140,

88 A. 2d 556, 559, and cases cited. While there is authority to the effect that where the prejudice is simply against a particular business, and not against the defendant, the juror is not thereby disqualified, it has been intimated that the case is otherwise if the prejudice against the class of persons, of whom the defendant is one, would affect the jurors' ability or disposition to fairly consider the evidence and reach a just conclusion. *Lockhart v. State,* 145 Md. 602, 615 (stockbrokers). In the instant case we think the juror who admitted that he had such a preconceived objection to suits by a guest, that he could not fairly and impartially try the issue raised, was properly excluded by the Court of its own motion. Indeed, if a proper jury was afterwards selected, the appellant could not complain of the exclusion. *Bluthenthal & Bickart v. May Co.,* 127 Md. 277, 285. We think the questions propounded were properly framed and, being directed at the existence of such bias and prejudice as to be cause for challenge, were well within the Court's discretion. No case directly in point has been cited by either side, but the principles laid down in the Maryland cases seem to be generally recognized. See note 27 A. L. R. 1052, and *Whittemore v. State,* 151 Md. 309, 314.

The appellant's argument seems to be, not that the questions were impertinent to the inquiry as to qualification, but that the propounding of the questions was calculated to "eliminate the appellant's best line of defense, and remove its effectiveness at the very outset of the case." He argues that there is "room for suspicion" in any suit by a guest against a host, or a sister against a brother. Yet in the same breath he admits that "ordinarily there is no disability against a sister filing suit against her brother for damages." It is perfectly clear under our decisions that there is no disability against a guest. *Fitzjarrell v. Boyd,* 123 Md. 497, 504; *Dashiell v. Moore,* 177 Md. 657, 666. There being no legal objection to a suit by a guest or sister, the argu-

ment that a proper line of defense was forestalled is without merit.

It would doubtless have been permissible for the defendant to produce evidence, if he could, that there was actual collusion to misrepresent the facts of the accident or the extent of the injuries sustained. It was admitted at the argument that it was argued to the jury that the relationship of the parties affected the weight of their testimony. Of course, it would have been improper to argue that the mere fact of the relationship was a bar to the action, and the most that can be said of the questions propounded is that they suggested that such a preconception, if carried to the point where the jurors would be unable to fairly and impartially consider the evidence, would be a ground of disqualification. To argue that jurors, who, in effect, denied that they had any such preconception, were thereby predisposed in favor of the plaintiff is a *non sequitur* and, we think, quite untenable. Cf. *Corens v. State,* supra, p. 564.

*Judgment affirmed, with costs.*