SMITH, ETC. *v.* AULICK

[No. 46, September Term, 1968.]

*Decided February 5, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, SINGLEY and SMITH, JJ.

*Leon Shampain,* with whom was *Vance V. Vaughan* on the brief, for appellant.

*Edward B. Layne, Jr.,* with whom were *McInerney, Latham & Layne* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Fran Smith, sued James Calvin Carter, the driver of an automobile in which she was a passenger, and David S. Aulick, appellee, the driver of an oncoming vehicle, for personal injuries sustained as the result of a collision between the vehicles. At the conclusion of her case the lower court directed a verdict in favor of appellee Aulick. Appellant obtained a judgment against Carter in the amount of $10,000.00. She appealed only from the judgment entered upon the directed verdict in favor of Aulick. The single issue in the case is whether the lower court erred in finding that there was insufficient evidence produced to justify the submission of Aulick's negligence vel non to the jury.

The accident occurred on January 1, 1965, at approximately 2:00 a.m., at or near the intersection of Flower Avenue and Palmer Lane, Takoma Park, Montgomery County, Maryland. Aulick was proceeding in a westerly direction on Flower Avenue. The co-defendant below, James Calvin Carter, with the appellant as a right front seat passenger, was operating his motor vehicle in an easterly direction on Flower Avenue and intended to turn right into Palmer Lane. At the place of the collision. Flower Avenue is just wide enough for two vehicles to pass each other.

At the trial, Aulick's testimony indicated that Carter's automobile was on the wrong side of the narrow road at the time of the impact. Carter did not testify personally, but his deposition was introduced into evidence by the appellant without

objection. In his deposition, Carter stated that the accident occurred in his lane. He further said that Aulick's automobile was approaching at a very high rate of speed. However, he was unable to give an approximation of that speed. At the trial appellant could not state whether Aulick's vehicle was on the right side of the road when she first saw it since "[h]e was coming so fast I couldn't tell you." However, on cross-examination she confirmed that in her deposition she had stated that the appellee's car was on its proper side of the road and that Carter was over the center line in order to make a right turn because the street was so narrow.

Officer Thomas Thorowgood, who investigated the accident, testified that the point of impact was directly in the middle of the road. He also established that the speed limit was twenty-five miles per hour, that there were ninety-three feet of skid marks leading to appellee's car, and that the operators of the two vehicles had been drinking. Based on his observations and conversations with both operators, it was his "belief" that Carter "was possibly over the actual center of the roadway itself . . . ."

In deciding whether the trial court should have granted a directed verdict for the defendant, this Court must consider the evidence, together with all reasonable and legitimate inferences which may be deduced therefrom, in the light most favorable to the plaintiff. See *Wood v. Johnson,* 242 Md. 446, 219 A. 2d 231; *Grue et al. v. Collins,* 237 Md. 150, 205 A. 2d 260; *Smith v. Bernfeld,* 226 Md. 400, 174 A. 2d 53. Repeatedly in automobile cases we have also said that if there is any evidence, however slight, legally sufficient as tending to prove negligence, the weight and value of such evidence will be left to the jury. *Perlin Packing Co. v. Price,* 247 Md. 475, 231 A. 2d 702; *Fowler v. Smith,* 240 Md. 240, 213 A. 2d 549; *Ford v. Bradford,* 213 Md. 534, 132 A. 2d 488; *Yellow Cab Co. v. Henderson,* 183 Md. 546, 39 A. 2d 546. As set out in *Richardson v. Scott,* 232 Md. 490, 494, 194 A. 2d 288, 290: "In order to justify the withdrawal of the case from the jury the evidence must admit of no inference of negligence in the operation of the automobile by appellee." We hold that the evidence in this case was sufficient to support an inference that a proximate cause of

the injury was Aulick's failure to exercise due care and that the lower court erred in not submitting the issue to the jury.

As outlined herein, there was completely contradictory testimony as to where the impact occurred. Each driver's evidence placed the collision in his own lane. Appellant's statement of the accident was contradictory at best, but the police officer testified that the point of impact was in the center of the road. Viewing the evidence in the light most favorable to appellant, a jury could have accepted Carter's version of the accident to the effect that Aulick had crossed into his lane. See *Board v. Dorcus*, 247 Md. 251, 230 A. 2d 656.

For the above reasons the judgment in appellee's favor must be reversed.

> *Judgment reversed and case remanded for a new trial. Costs to be paid by appellee Aulick.*