## STOSKIN *v.* PRENSKY

[No. 186, September Term, 1969.]

*Decided February 10, 1970.*

708

*Motion for rehearing filed March 11, 1970; denied March 20, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Earl H. Davis,* with whom were *McInerney, Latham & Layne* on the brief for Nationwide Mutual Insurance Company, for appellant.

*Don F. Ryder, Jr.,* with whom were *Schroeder & Ryder* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

In September 1963, Laura Stoskin came from Massachusetts to Maryland to accept a teaching position with the Montgomery County public school system. She had arranged to stay with the Prensky family in Silver Spring. On the first day of school, Mrs. Prensky set out for the Woodlin Elementary School with her two children and Miss Stoskin in the Prensky station wagon. Mrs. Prensky, who was driving, and Miss Stoskin were in the front seats. The Prensky children were in the rear.

Miss Stoskin said that she was unaware that Mrs. Prensky had placed a carton of six small Coca-Cola bottles and two sixteen ounce Coca-Cola bottles under the seat

which Miss Stoskin occupied. When the station wagon reached the Woodlin School, according to Miss Stoskin's version of the incident, she opened the right front door. When she put her right foot on the ground, one of the Coca-Cola bottles rolled out. Miss Stoskin stepped on the bottle with her left foot, fell and fractured her sacrum. She sued Mrs. Prensky in the Circuit Court for Montgomery County for damages alleged to have been occasioned by Mrs. Prensky's negligence in placing two loose bottles under the seat of the car and in parking the car on an incline at the Woodlin School.

Mrs. Prensky moved for a directed verdict at the end of the plaintiff's case and renewed her motion at the end of the entire case. The trial court reserved its rulings on the motions, and permitted the case to go to the jury, which returned a $5,000 verdict in Miss Stoskin's favor. Mrs. Prensky's motion for a judgment *n.o.v.* was granted and judgment was entered in her favor for costs.

Miss Stoskin would have us reverse the action of the trial court, arguing that the court substituted its evaluation of the evidence for that of the jury and misstated the facts in the opinion filed when the judgment was entered. In deciding whether a defendant's motion for a directed verdict or for a judgment *n.o.v.* should have been granted, we shall, as we must, consider the evidence together with all reasonable and legitimate inferences which may be deduced therefrom, in the light most favorable to the plaintiff. *Smith v. Aulick,* 252 Md. 268, 250 A. 2d 534 (1969); *Wood v. Johnson,* 242 Md. 446, 219 A. 2d 231 (1966); *Grue v. Collins,* 237 Md. 150, 205 A. 2d 260 (1964); *Smith v. Bernfeld,* 226 Md. 400, 174 A. 2d 53 (1961). Accordingly, for the purposes of this opinion, we have adopted Miss Stoskin's version of the accident.

The difficulty about this case, as we see it, is that there was no clear evidence of negligence on Mrs. Prensky's part. Judge Shure intimated this when he considered the defendant's motion for a directed verdict at the end of the plaintiff's case:

"THE COURT: Gentlemen, I have reviewed this situation and I must confess that I have never encountered a case just like this one.

"Now, res ipsa loquitur doctrine may be applicable where an object has fallen from a car and strikes someone. If the car is under the exclusive management and control of the defendant and the jury could reasonably find that the accident would not have happened if the car operator had used due care.

"In this situation we do not have an object striking someone after falling from a car, but rather a plaintiff who states that she slipped upon a bottle that she claimed was falling from the automobile. It's an extremely close question, viewing the case in the light most favorable to the Plaintiff. I am going to proceed and let the jury consider the matter, but I repeat it is very close and I am not at all sure I would be sustained by the Court of Appeals; at least I am going to take that position at this time."

As we see the case, Mrs. Prensky's motion for a directed verdict could have been granted at the end of the plaintiff's case, and, if denied then, should have been granted when her counsel renewed the motion at the end of the entire case.

We find it hard to accept the idea that there is anything inherently dangerous about placing two Coca-Cola bottles on the floor of a car, particularly in view of Mrs. Prensky's uncontroverted testimony that she placed the two loose bottles under the right-hand seat, between the transmission "hump" and the carton containing six bottles. This clearly met the standard of reasonable care to which Mrs. Prensky is held. *Dashiell v. Moore,* 177 Md. 657, 11 A. 2d 640 (1940). See also *Grossfeld v. Braverman,* 203 Md. 498, 101 A. 2d 824 (1954).

The manner in which the accident occurred was developed in Miss Stoskin's testimony on cross examination:

"Q. And it is your testimony that the first time that you have any recollection of a Coke bottle is when you got to Woodlin Elementary School?

"A. When it rolled out and I stepped on it.

"Q. Well, now, Miss Stoskin, where did the Coke bottle roll from?

"A. I didn't see where it rolled from, just saw it roll out.

"Q. You saw it roll out where?

"A. Rolling out of the car."

\* \* \*

"Q. Now, at this point, where was the weight of your body, on the right foot, or the left foot?

"A. On the right.

"Q. Now at that point, did you see a Coke bottle?

"A. No. It was, as I was stepping down I stepped on it."

Since we conclude that the case should not have gone to the jury in the absence of a showing of negligence on Mrs. Prensky's part, there remains the question whether it should have gone to the jury on res ipsa loquitur. Miss Stoskin's counsel, perhaps troubled by the lack of evidence of primary negligence, asked the court to instruct the jury on res ipsa loquitur. The court charged the jury on negligence, contributory negligence and damages at some length and then addressed itself to res ipsa loquitur:

"The Plaintiff's theory of the case, briefly, is that the car in which she was a passenger was under the exclusive control of the Defendant; that the Defendant had put the bottles in the car and the Defendant had exclusive management and control of the bottles, as well as the car, and that if she, the Defendant, had exercised due care, the accident would not have happened.

"This is under the legal theory; this is what is called res ipsa loquitur, which means the

thing speaks for itself. Therefore, if you find that the car was under the exclusive control of the Defendant and the bottles were also under the exclusive control of the Defendant at the time of the accident and that the accident was, in fact, caused by the Coke bottle as the Plaintiff claims, and further, that the accident was of such a nature that if it had not—that it would not have occurred if the Defendant, Mrs. Prensky, had used due care. And further, that the Plaintiff, Miss Stoskin, was not herself negligent.

"If you find those facts, then your verdict must be for the Plaintiff. The Defendant's theory of the case is that this doctrine of res ipsa loquitur does not apply; that she, the Defendant, does not now know how the accident occurred. And further, that if it happened as the Plaintiff claims it happened, she, the Plaintiff, was herself negligent as she assumed any risk involved by having knowledge that such bottles were in the car and notwithstanding this, the Plaintiff was not exercising due care herself, by continuing to converse with the driver, the Defendant, as she alighted and was not therefore looking where she was stepping."

Counsel for Mrs. Prensky excepted, and we think quite properly, to the portion of the charge which dealt with res ipsa loquitur.

Chief Judge Bond, in a memorable dissent which he filed in *Potomac Edison Co. v. Johnson*, 160 Md. 33, 40-41, 152 A. 633 (1930) spoke of res ipsa loquitur:

"* * * It adds nothing to the law, has no meaning which is not more clearly expressed for us in English, and brings confusion to our legal discussions. It does not represent a doctrine, is not a legal maxim, and is not a rule. It is merely a common argumentative expression of ancient

Latin brought into the language of the law by men who were accustomed to its use in Latin writings.

\* \* \*

"\* \* \* It may just as appropriately be used in argument on any subject, legal or otherwise. Nowhere does it mean more than the colloquial English expression that the facts speak for themselves, that facts proved naturally afford ground for an inference of some fact inquired about, and so amount to some proof of it. The inference may be one of certainty, as when an excessive interest charge appeared on the face of an instrument, or one of more or less probability only, as when negligence in the care of a barrel of flour was found inferable from its fall out of a warehouse."

Perhaps influenced by Chief Judge Bond's antipathy, our predecessors have shown great restraint in the application of res ipsa loquitur and have not extended it beyond the classic factual patterns where it has proved particularly useful, *Howser v. Cumberland & Pennsylvania R. R. Co.*, 80 Md. 146, 30 A. 906 (1894) (passerby injured by fall of ties from freight car). We have repeatedly recognized the limitations found in 9 Wigmore, *Evidence* 3d Ed. § 2509 (1940) at 377-82, the third being especially pertinent here: "The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured." *Williams v. McCrory Stores Corp.*, 203 Md. 598, 601, 602, 102 A. 2d 253 (1954). See also 2 Harper & James, *Law of Torts* § 19.5 (1956) at 1081; Prosser, *Torts* § 39 (3d Ed. 1964) at 215, 228-29.

This does not mean that the plaintiff must necessarily negative his own contributory negligence, but that his "own negligence, along with that of anyone else for whom the defendant is not responsible, be eliminated so as to complete the basis for an inference that the negligence of

which the thing speaks is probably that of defendant." 2 Harper & James, *supra*, § 19.8 at 1093. Compare, however, *Jesionowski v. Boston & Maine R. R.*, 329 U. S. 452, 67 S. Ct. 401, 91 L. Ed. 416 (1947) where there was conflicting testimony regarding the participation of plaintiff's decedent.

Our prior decisions have adhered to these principles. As our predecessors said in *Potts v. Armour & Co.*, 183 Md. 483, 39 A. 2d 552 (1944), where the plaintiff was injured when he walked into a meat hook in a packing plant:

> "The rule does not apply where it can be inferred from ordinary experience that the accident might have happened without the fault of the defendant. The accident must have happened irrespective of any voluntary action at the time by the party injured." 183 Md. at 488.

*State ex rel. Boznango v. Blumenthal-Kahn Electric Co.*, 162 Md. 84, 91, 159 A. 106 (1932) (dealing with an electrocution which the Court said might have been the result of the negligence of any one of a number of persons, including the deceased) put it a little differently:

> "* * * [I]f, by the evidence of the plaintiff, it was disclosed that the injury complained of might have been caused either by the defendant's negligence or by the act of another for which the defendant was not responsible, then the doctrine [res ipsa loquitur] would not apply." 162 Md. at 91.

To the same effect is the holding in *Broady v. Baltimore Transit Co.*, 213 Md. 377, 381, 131 A. 2d 707 (1957) (child injured by automatic door when alighting from street car) and in *Williams v. McCrory Stores Corp., supra* (plaintiff fell from revolving stool).

While we do not wish to be understood as saying that res ipsa loquitur can be relied on only by the completely passive plaintiff, compare *Goldman & Freiman Bottling*

*Co. v. Sindell,* 140 Md. 488, 501-02, 117 A. 866 (1922) we do intend to hold that it cannot be availed of in a case like this one where it is by no means clear that the only fault was the defendant's. This distinguishes the case before us from the cases relied on by Miss Stoskin, collected in an Annotation, "Application of res ipsa loquitur doctrine when objects being transported fall from motor vehicle," 66 A.L.R.2d 1255 (1959).

As Chief Judge Sobeloff, speaking for the Court, said in *Hickory Transfer Co. v. Nezbed,* 202 Md. 253, 263, 96 A. 2d 241 (1953) :

> "When the plaintiff invokes this procedure [res ipsa loquitur], thus putting his reliance upon the inference of negligence springing from the event, it has been authoritatively held that it must not appear by his own evidence, or the evidence adduced in his behalf, that causes for which the defendant was in no way responsible produced the injuries for which damages are sought. Such was the holding of this court, speaking through Chief Judge McSherry, in *Strasburger v. Vogel,* 103 Md. 85, 63 A. 202. This is still the law.
>
> "In this case the plaintiffs themselves proved the details of the happening, foregoing reliance on *res ipsa loquitur;* and, having undertaken to prove the details, they failed to show negligence on the part of the defendants. Indeed, they explained away the possible inference of negligence. Paradoxically, the plaintiffs proved too much and too little."

See also *Larsen v. Romeo,* 254 Md. 220, 255 A. 2d 387 (1969) ; *Trusty v. Wooden,* 251 Md. 294, 247 A. 2d 382 (1968) ; *Safeway Stores, Inc. v. Bolton,* 229 Md. 321, 182 A. 2d 828 (1962) ; *Smith v. Bernfeld,* 226 Md. 400, 174 A. 2d 53 (1961) ; *Smith v. Baltimore Transit Co.,* 214 Md. 560, 136 A. 2d 386 (1957) ; *Coastal Tank Lines, Inc. v. Carroll,* 205 Md. 137, 106 A. 2d 98 (1954).

In *Williams v. McCrory Stores Corp., supra,* we said:

> "The rule of *res ipsa loquitur* applies only when the facts established are so clear and certain that the natural and proper inference arises from them that the accident was caused by the negligence of the defendant. The rule is applied only where the demands of justice make its application essential, depending on the facts and circumstances of each particular case." 203 Md. at 604.

We do not believe that the demands of justice compelled the application of res ipsa loquitur in this case, and we think that the lower court, concluding upon the plaintiff's own showing and the uncontradicted evidence in the case that there was no rational ground on which a verdict could be awarded Miss Stoskin, *Schaub v. Community Cab, Inc.,* 198 Md. 216, 81 A. 2d 597 (1951); *Eisenhower v. Baltimore Transit Co.,* 190 Md. 528, 59 A. 2d 313 (1948), was quite correct in entering the judgment *n.o.v.*

*Judgment affirmed, costs to be paid by appellant.*