DELSWORTH LLOYD BAYLISS, JR. *v.* FEDERAL MUTUAL INSURANCE COMPANY ET AL.

[No. 718, September Term, 1970.]

*Decided October 19, 1971.*

The cause was argued before MURPHY, C. J., and ANDERSON and CARTER, JJ.

No appearance at argument for appellant. *Charles E. Chlan* on the brief for appellant.

*James J. White, III*, for appellees.

ANDERSON, J., delivered the opinion of the Court.

This is an appeal by the appellant, Delsworth Lloyd Bayliss, Jr., from a jury verdict against him in a negligence action. The jury found in favor of the appellees, Federal Mutual Insurance Company and Mrs. Lillian May Scott, in the amount of $446.52. On appeal the appellant claims that Mrs. Scott was guilty of contributory negligence as a matter of law and that the trial court erred in not granting either his motion for a directed verdict or for a judgment *N.O.V.*

On October 5, 1969, the appellant was operating his vehicle in a westerly direction on Tilghman Neck Road, Queen Anne's County, Maryland, a public highway, when at 5:30 p.m. his vehicle collided with the vehicle operated by Mrs. Scott. The question of whether Mrs. Scott was contributorily negligent as a matter of law hinges upon whether she violated Article 66½, Sec. 11-404 of the Maryland Code,[1] commonly known as the "Boulevard Rule." Section 11-404 states:

> "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall stop and yield the right of way to all vehicles approaching on the highway."

Mrs. Scott was coming from a private driveway known as Gouldtown Church Road at the time of the accident. The important question is whether she had left the driveway and entered the boulevard at the time of the accident. If she had entered the boulevard, it is clear that she did not yield the right-of-way to Mr. Bayliss and was

---

1. Article 66½, Sec. 234 (Code) at the time of the accident.

contributorily negligent as a matter of law. If this was the case, appellant's motion for a directed verdict was improperly denied. *Oddis v. Greene,* 11 Md. App. 153, 157.

In *Mazer v. Stedding,* 10 Md. App. 505, Judge Orth discussed in detail the propriety of directing verdicts when the question involved is primary or contributory negligence. The Court stated at pages 506-507:

> "The established general rule is that questions of primary and contributory negligence are for the jury. But there is a qualification as well known as the general rule. Particular facts may establish that a defendant has been guilty of negligence or a plaintiff has been guilty of contributory negligence as a matter of law. *Southern Maryland Electric Cooperative Inc. v. Blanchard,* 239 Md. 481, 485. The burden of proving negligence is upon the plaintiff and the burden of proving contributory negligence is upon the defendant. Before it can be determined as a matter of law that one has not been guilty of negligence, the truth of all the credible evidence tending to sustain the claim of negligence must be assumed and all favorable inferences of fact fairly deducible therefrom tending to establish negligence drawn. 'And Maryland has gone almost as far as any jurisdiction that we know of in holding that meager evidence of negligence is sufficient to carry the case to the jury. The rule has been stated as requiring submission if there be any evidence, however slight, *legally sufficient* as tending to prove negligence, and the weight and value of such evidence will be left to the jury. * * * However, the rule as above stated does not mean, as is illustrated by the adjudicated cases, that all cases where questions of alleged negligence are involved must be submitted to a jury. The words 'legally sufficient' have significance. They mean that a party

who has the burden of proving another party guilty of negligence, cannot sustain this burden by offering a mere scintilla of evidence, amounting to no more than surmise, possibility, or conjecture that such other party has been guilty of negligence, but such evidence must be of legal probative force and evidential value. * * * The rule, stated in slightly different terms, is that where the facts are undisputed, or the facts most favorable to the party carrying the burden of establishing another party's negligence are assumed to be true and all favorable inferences, fairly deducible therefrom are drawn in favor of the burden-carrying party, and such undisputed facts [or the said favorable facts and inferences] lead to conclusions from which reasonable minds could not differ, then the question of negligence, *vel non*, becomes a question of law.' *Fowler v. Smith*, 240 Md. 240, 246-247 (citations omitted). Thus a trial court's finding that a plaintiff was guilty of contributory negligence would be proper if there is in the evidence a prominent and decisive act susceptible of but one interpretation in the determination of which ordinary minds would find it impossible to differ. *Raff v. Acme Markets*, 247 Md. 591, 600. When the issue is presented to the trial court by a motion for a directed verdict, as is proper when a jury is the trier of fact, Maryland Rule 552, or by a motion to dismiss, as is proper when the court is the trier of fact, Rule 535, it is required to consider the evidence and all logical and reasonable inferences deducible therefrom in a light most favorable to the plaintiff. *Stoskin v. Prensky*, 256 Md. 707, 709; *Yommer v. McKenzie*, 255 Md. 220, 223; *Trusty v. Wooden*, 251 Md. 294, 295; *Finneran v. Wood*, 249 Md. 643."

In the instant case the trooper who investigated the

accident testified that Mrs. Scott had pulled out eleven feet, eight inches into Tilghman Neck Road, which was nineteen feet wide where the accident occurred, and that the force of the impact knocked Mrs. Scott's car six feet to the west. Mrs. Scott's own witness, Edna Frazier, who was a passenger in Mrs. Scott's car, corroborated the police officer's testimony. Albert Rheins, the driver of a truck traveling in an easterly direction on Tilghman Neck Road, testified that Mrs. Scott's car had entered the road. The appellant also stated that Mrs. Scott's car was on the highway in question. Although Mrs. Scott did say that she had not yet entered Tilghman Neck Road at the time of the accident, with the next breath she said that if she thought that the appellant was going to hit her, she could have put her car in reverse and pulled backwards.

We think that Mrs. Scott's bald statement that she was not yet on Tilghman Neck Road was a mere scintilla of evidence amounting to no more than surmise, possibility, or conjecture when compared to the physical evidence presented by the investigating officer and the corroborative testimony of three other witnesses. Furthermore, Mrs. Scott's statement that she could have avoided the accident by putting the car in reverse and pulling it back tends to contradict her statement that she was not on Tilghman Neck Road at the time of the collision. In the circumstances of this case, we find applicable the principle set forth in *Short v. Wells*, 249 Md. 491, 497, that "If the direct evidence approaches the outer limit of credibility or, if in some situations, the direct evidence is merely adjectival, it would be insufficient."

As mentioned above, if Mrs. Scott was on Tilghman Neck Road at the time of the collision, she was contributorily negligent as a matter of law. Therefore, appellant's motion for a directed verdict was improperly denied.

*Judgment reversed without a new trial; costs to be paid by appellees.*