# LESTER ARTHUR KING, JR. AND ROBIN CAROL KING
## *v.* STATE OF MARYLAND

[No. 39, September Term, 1979.]

*Decided May 22, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Richard Allen James* for appellants.

*Alexander L. Cummings, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

The issue in this criminal case is whether the trial court erred by excluding, for cause, two persons from the panel of prospective jurors solely because of their beliefs that the law concerning marijuana, under which the defendants were charged, ought to be changed. For the following reasons, we hold that the court erroneously excluded the two prospective jurors.

The relevant facts are undisputed. Lester A. King and Robin C. King, the defendants, were convicted by a jury in the Circuit Court for Montgomery County of possession and possession with the intent to distribute a controlled

dangerous substance (marijuana). At the beginning of the voir dire, the trial court explained the charges against the defendants and then, on its own initiative and without the request of either counsel, asked the following question:

> "Now, are there any of you who feel that the law is wrong when it prevents the use of marijuana and possession of it? It is definitely a crime in this and other states to possess it and to manufacture it and so forth."

Two persons answered affirmatively. The following took place with respect to the first of the two prospective jurors:

> "THE COURT: Your name, sir?
>
> A JUROR: Jeffrey Kitchen.
>
> THE COURT: Jeffrey Kitchen, E-11. All right. You have a feeling that it is all right?
>
> A JUROR: It ought to be a citation. It ought to be decriminalized. It shouldn't ruin a person's whole life.
>
> THE COURT: All right.
>
> A JUROR: It should just be for possession.
>
> THE COURT: All right, you can go back to the jury lounge. Tell Mr. Cuff I sent you back.
>
> DEFENSE COUNSEL: He has been excused for cause?
>
> THE COURT: Yes.
>
> DEFENSE COUNSEL: For the record, please —
>
> THE COURT: Yes?
>
> DEFENSE COUNSEL: — I don't think we are going to get to him anyway. I would object to him being excused for cause. He did not say he would be biased to the guilt or innocence of the defendants, but simply that it should be decriminalized and the citation. I don't think he should be excused for cause.
>
> THE COURT: If someone doesn't believe the law

as it now exists, they certainly are not qualified as jurors.

DEFENSE COUNSEL: I make an objection, Your Honor. . . ."

A similar colloquy then took place between the court and the second juror, Muriel English, who responded:

"I feel that the law should be changed perhaps not with respect to dealing in conspiracy certainly, but simple possession."

The record with regard to the second juror goes on to show the following:

"THE COURT: Do you want to ask her any questions?

DEFENSE COUNSEL: Have you had an experience either of your own or a member of your family which you feel would render you biased and make you unable to give a fair and impartial verdict in a case dealing with the charge of possession with intent to distribute marijuana?

A JUROR: No.

DEFENSE COUNSEL: Okay.

* * *

THE COURT: Your position is that you do not think the law is proper as it now is?

A JUROR: As I understand the law, Judge Shure, I am not absolutely sure that I know how it stands in Maryland now.

THE COURT: It is just against the law to distribute it or to manufacture it or to sell it or to have anything to do with it.

A JUROR: You mean simple possession?

THE COURT: Oh, yes.

A JUROR: I see. Well, I think the simple possession part should be changed.

THE COURT: All right. Possession is part of this charge, so I am satisfied that she is not a competent juror.

\* \* \*

DEFENSE COUNSEL: I would object to this juror being stricken also . . . .

\* \* \*

DEFENSE COUNSEL: . . . And my position on behalf of the defendants is that neither of the two individuals thus far have indicated they would ignore the law. . . ."

The jury was then impaneled; the trial took place; and the defendants were convicted.

On their appeal to the Court of Special Appeals, the defendants argued that the trial court had abused its discretion by excusing the two prospective jurors solely because they believed that the law should be changed, without inquiring whether their personal opinions would interfere with their ability to determine fairly and impartially the defendants' guilt or innocence. In an unreported opinion, the Court of Special Appeals affirmed the defendants' convictions, holding that the exclusion of the prospective jurors was not reversible error. Upon the defendants' petition, we issued a writ of certiorari.[1]

The defendants initially assert that the question asked by the trial court was itself improper because it exceeded the scope of permissible inquiry on voir dire. According to the defendants, the court's question did not inquire whether the two jurors had any bias or prejudice that would render them unfit for jury duty but only asked whether the jurors thought

---

1. The Court of Special Appeals also rejected the defendants' challenge to the validity of the search warrant by which the police searched their residence and discovered the illegal substances. The defendants did not raise this issue in their petition for a writ of certiorari, and, consequently, it is not before us.

that the law should be changed. The defendants further argue that the trial court compounded its error by excusing the jurors who answered affirmatively without additionally inquiring whether their personal opinions concerning the law would affect their ability to reach a fair and impartial decision regarding the defendants' guilt or innocence. The defendants claim that the exclusion of all jurors who believed the law concerning possession and distribution of marijuana ought to be modified resulted in the impaneling of a jury that was prosecution prone.

We need not in this case address the issue of whether it is improper on voir dire to ask prospective jurors whether they believe that the applicable law should be changed.[2] Assuming arguendo that the question was proper, we hold that the trial court nevertheless erred by excusing the jurors for cause without further inquiring whether the jurors' personal belief would prejudice them against the State or the defendants or render them unable to apply the law if a violation were proved.

In determining whether a juror should be excused for cause, the general question is whether a person holds a particular belief or prejudice that would affect his ability or disposition to consider the evidence fairly and impartially and reach a just conclusion. *See Grossfeld v. Braverman,* 203 Md. 498, 501, 101 A.2d 824 (1954); *Adams, Nelson, and Timanus v. State,* 200 Md. 133, 140-141, 88 A.2d 556 (1952); Maryland Code (1974, 1980 Repl. Vol.), § 8-210 (b) (2) of the Courts and Judicial Proceedings Article. In our view, the mere statement by a juror of his belief that the criminal law concerning marijuana ought to be modified, without more,

---

**2.** We note that the cases appear to disagree concerning the propriety of inquiring whether a juror believes that the law relating to the case is wrong or should be changed. *Compare* State v. Smith, 422 S.W.2d 50, 67-68 (Mo. 1967), *cert. denied,* 393 U.S. 895, 89 S. Ct. 150, 21 L. Ed. 2d 176 (1968); State v. Mosier, 102 S.W.2d 620, 624 (Mo. 1937); State v. Darling, 208 Kan. 469, 493 P.2d 216, 222 (1972); People v. Boulware, 29 N.Y.2d 135, 272 N.E.2d 538, 541, 324 N.Y.S.2d 30 (1971), *cert. denied,* 405 U.S. 995, 92 S. Ct. 1269, 31 L. Ed. 2d 463 (1972); State v. Ward, 105 Ohio App. 1, 150 N.E.2d 465, 468 (1957), *with* State v. Carson, 131 S.C. 42, 126 S.E. 757, 758 (1925); Pendergrass v. State, 121 Tex. Crim. 213, 48 S.W.2d 997 (1932); McClure v. State, 103 Tex. Crim. 158, 280 S.W. 784 (1926). *See also* McGee v. State, 219 Md. 53, 146 A.2d 194 (1959); Davis v. United States, 315 A.2d 157 (D.C. App. 1974); Frazier v. State, 138 Ga. App. 640, 227 S.E.2d 284 (1976).

does not indicate that the juror is biased, prejudiced or unqualified to be a juror in a prosecution for possession and distribution of marijuana. Many people may personally believe that a particular law is undesirable or should be changed, yet the existence of such a belief does not necessarily mean that the holder would refuse or be unable to apply the existing law to the facts of the case. As was explained by the Supreme Court in *Witherspoon v. Illinois*, 391 U.S. 510, 88 S. Ct. 1770, 20 L. Ed. 2d 776 (1968), in which the Court held that a death sentence could not be carried out if it were imposed by a jury from which jurors who had merely expressed a general objection to the death penalty had been excluded,

> "it cannot be assumed that a juror who describes himself as having 'conscientious or religious scruples' against the infliction of the death penalty or against its infliction 'in a proper case' (see People v. Bandhauer, 66 Cal.2d 524, 531, 58 Cal. Rptr. 332, 337, 426 P.2d 900, 905) thereby affirms that he could never vote in favor of it or that he would not consider doing so in the case before him. See also the *voir dire* in Rhea v. State, 63 Neb. 461, 466-468, 88 N.W. 789, 790. Cf. State v. Williams, 50 Nev. 271, 278, 257 P. 619, 621. Obviously many jurors 'could, notwithstanding their conscientious scruples [against capital punishment], return ... [a] verdict [of death] and ... make their scruples subservient to their duty as jurors.'" 391 U.S. at 515 n. 9, 88 S. Ct. at 1773-1774.

It is common knowledge that a significant segment of our society believes, as a matter of public policy, that the criminal laws relating to marijuana should be modified in one way or another. Such a belief concerning a matter of debatable public policy raises no presumption that those persons could not properly apply the existing laws to the evidence. Moreover, if all such individuals were automatically excluded from juries hearing criminal cases like the instant one, a large part of the community would be

excluded from jury service in many criminal prosecutions under the laws relating to controlled dangerous substances. This would not be consistent with the policy that petit jurors "shall be selected at random from a fair cross section of the citizens of the State." Code (1974, 1980 Repl. Vol.), § 8-102 (a) of the Courts and Judicial Proceedings Article. Consequently, absent some further questioning as to whether a juror's belief concerning the marijuana laws would keep him from properly applying the law to the evidence, it is error to dismiss the juror. *People v. Davis,* 27 Cal. App. 3d 115, 103 Cal. Rptr. 494 (1972). *Cf. Brice v. State,* 264 Md. 352, 359-365, 286 A.2d 132 (1972); *Adams, Nelson, and Timanus v. State, supra,* 200 Md. at 141 ("But unless such beliefs would prevent an impartial consideration of the evidence and a proper application of the existing law, they would not disqualify."); *State v. Smith,* 422 S.W.2d 50, 67-68 (Mo. 1967), *cert. denied,* 393 U.S. 895, 89 S. Ct. 150, 21 L. Ed. 2d 176 (1968).

In this case, the trial court did not attempt to determine whether the jurors' opposition to the law rendered them unable to decide the case impartially or whether they were committed to voting against a conviction. The trial court excused the first juror immediately after the juror stated that possession should be decriminalized and "ought to be a citation." The court excused the second juror upon determining that she believed the law on possession should be changed, even though she had responded in the negative to the question of whether she was biased or unable to give an impartial decision. In neither instance did the court make any attempt to inquire whether these jurors could, apart from their personal beliefs, decide the case strictly upon the law and the evidence presented at trial. Therefore, the court erroneously excluded these jurors.

The State argues that even if the jurors were erroneously excused, the error does not warrant a reversal. The State relies on the language of *Bluthenthal & Bickart v. May Co.,* 127 Md. 277, 285-286, 96 A. 434 (1915):

> "It does not appear that the defendant was injured by the action complained of, or that the jury which

actually tried the case was not composed of competent and qualified jurors. The authorities support the proposition that it is not reversible error for the Court of its own motion to exclude a juror, even for insufficient cause, if an unobjectionable jury is afterwards obtained. In *Pittsburgh, etc., Ry. Co. v. Montgomery,* 152 Ind. 1, in discussing an objection such as that now under consideration, the Court said: 'It is complained under the motion for a new trial that the Circuit Court erred in excusing on its own motion the juror Overholser, who it is alleged was a competent juror, over appellant's objection. But it is not shown that the jury which was finally impaneled was not a fair and impartial jury. In such a case, the matter is very much in the discretion of the trial Court, and no error is committed where no injury results from the Court's action in excusing the juror . . . .' "

Although this principle may be applicable in cases where the reason for excusing a juror is related to that particular juror, it is inapplicable when an entire class holding a certain belief is excluded. Chief Justice Weintraub, writing for the Supreme Court of New Jersey in *State v. Mathis,* 52 N.J. 238, 245 A.2d 20, 27 (1968), *rev'd on other grounds,* 403 U.S. 946, 91 S. Ct. 2277, 29 L. Ed. 2d 855 (1971), stated in reference to the principle expressed in *Bluthenthal & Bickart v. May Co., supra:*

"That rule is sound enough when the focus is merely upon a defendant's entitlement to *a particular juror.* . . . But when the challenge goes beyond that limited issue and implicates the right to be tried by a jury which is *representative* of the community, it would be no answer to a systematic exclusion to say that the 12 jurors who decided the case were *individually* impartial. . . . This must be so, for otherwise the right to a representative jury, as established in *Witherspoon,* could not be vindicated."

In this case, the trial court excluded the entire class of prospective jurors who believed that the marijuana laws should be modified, irrespective of any other consideration peculiar to those jurors. The court stated that a juror who wanted the law concerning "simple possession" of marijuana changed "is not a competent juror." The court also ruled: "If someone doesn't believe the law as it now exists, they certainly are not qualified as jurors." By so deciding, the trial court excluded from the panel a significant part of the community. We hold that the trial court committed reversible error by excluding any juror who expressed a personal belief that the law concerning marijuana should be changed without inquiring whether or not that belief would prevent the juror from fairly and impartially deciding the case in accordance with existing law on the evidence presented.

> *Judgment of the Court of Special Appeals reversed, and case remanded to that court with directions to reverse the judgments of the Circuit Court for Montgomery County and remand for new trials.*
> *Montgomery County to pay costs.*