STATE of Missouri, Respondent,

v.

Earl James HOLMES, Appellant.

No. 50824.

Supreme Court of Missouri,
Division No. 3.

May 28, 1968.

James T. O'Brien, Special Asst. Atty. Gen., University City, for respondent.

John B. Shewmaker, St. Louis, for appellant.

PHIL H. COOK, Special Judge.

The defendant was charged with the crime of robbery in the first degree by means of a dangerous and deadly weapon. The information charged the defendant with nine prior felony convictions under what is generally known as the "Habitual Criminal Act." Defendant was tried and found guilty by a jury and his punishment was assessed at eighteen years in the penitentiary by the trial court. After a motion for a new trial was overruled, allocution was afforded and defendant was sentenced. Defendant appealed as a poor person. He was not represented by counsel on the appeal and a brief filed by him was subsequently withdrawn. This Court affirmed his conviction. State v. Holmes, Mo., 389 S.W.2d 30. Following recent Federal Court cases, this court set aside the judgment affirming the conviction and ordered that this case should be resubmitted to this court in accordance with Supreme Court Rule 29.01(c), V.A.M.R. Counsel was appointed for defendant. This counsel prepared and filed a brief and appeared for oral argument.

The defendant's motion for a new trial contains nine assignments of error. In regard to the first eight allegations of error the defendant's brief states, "No new authority which does not simply confirm the authorities cited by the State in its brief on the former appeal of this cause has come to the attention of counsel, in spite of diligent search. * * * I find myself in the unfortunate position of agreeing with the trial court in its rulings on

the first eight points raised." Notwithstanding this frank admission, we have again reviewed the record and the law relative to these eight assignments of error. Nothing new has been suggested nor can we find anything which would indicate that further or additional consideration should be given these first eight points. No useful purpose would be served by restating these eight assignments of error, restating the record facts relative thereto, and restating the court's rulings thereon. See State v. Holmes, Mo., 389 S.W.2d 30, for a detailed review of these eight contentions.

The defendant's ninth and last contention is that he was denied his constitutional right to a speedy trial "as guaranteed to him by Article 6 of the United States Constitution and Article I, § 18(a) of the Constitution of Missouri, 1945 [V.A.M.S.]," and that the trial court erred in denying his motion for dismissal and discharge based on the alleged denial of this constitutional right.

The defendant was arrested on July 23, 1963, and his trial began on March 9, 1964. The record discloses that on September 24, October 28, and November 26, 1963, and February 7, 1964, this case was continued at the request of the defendant. On January 16, 1964, it was continued by consent of parties. There is nothing in the court records as to the reasons for these continuances other than they were continued for the defendant to a day certain, except for the January 16 continuance. It is reasonable to infer that the January continuance was granted because the defendant's court-appointed attorney filed his verified application to withdraw as defendant's counsel in which he stated that he had "interviewed the defendant in the City Jail on three separate occasions. * * On January 8, 1964, at the City Jail, defendant Holmes advised me that he did not want me to represent him in these matters and refused to discuss these cases with me." This attorney was permitted to withdraw, a different attorney was appointed, and the case was continued by "consent of parties." It is noted that five different attorneys either appeared for or were appointed to represent defendant during the period of July 23, 1963, to March 9, 1964.

On March 9, 1964, at a hearing on the above mentioned motion for dismissal and discharge, the defendant complained (not under oath) that the continuances were not given to him with his knowledge and consent, and that he was not present in court when they were granted.

■■■■ We cannot indulge in guesswork or predicate decisions on unsupported assignments of error. We therefore, basing our judgment on the record, affirm what was said by the Court on the first appeal in ruling that the defendant's constitutional rights were not violated. State v. Holmes, supra. However, assuming the truth of defendant's contentions, we rule that the granting of a continuance is a procedural function which does not require the presence of the defendant in court. See cases cited in Mo.Digest, Criminal Law, ☞636(3). The law not only guarantees the defendant a speedy trial but also guarantees that he and his attorney are to be allowed a reasonable time to prepare his defense. Attorneys, whether working for a fee or working for a defendant without compensation, as here, often find it necessary to ask for a continuance in order to properly prepare and adequately represent their clients. In the absence of an apparent abuse, the defendant should be and is bound by the action of his attorney in requesting and being granted a continuance. We rule that this defendant's constitutional rights have not been violated.

The judgment is affirmed.

HOLMAN, Acting P. J., and SEMPLE, Sp. J., concur.