**Chester PARRISH and Ewell Cochran, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1971.

George I. Cline, Morehead, for appellants.

John B. Breckinridge, Atty. Gen., Laura L. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

The appellants, Chester Parrish and Ewell Cochran, were convicted in the Rowan Circuit Court of armed robbery and sentence entered on May 25, 1970. They were jointly tried. Parrish received a life sentence and Cochran a term of ten years. Subsequent to sentencing they each filed a petition to vacate the judgment under RCr 11.42. The court set the matter for hearing and brought both appellants from the penitentiary and held a hearing.

Appellants contended in their motion that they had inadequate representation by counsel and that the court failed to advise them of their right to an appeal as required by RCr 11.02. The trial court granted a hearing on this motion and entered judgment finding that appellants were adequately represented by competent counsel and that they were not advised of their right to appeal as required by RCr 11.02. The court declined to set aside the judgment as void but granted the appellants a belated appeal. We, therefore, have before us at this time two questions:

1. Were there reversible errors committed during the course of the trial for which that judgment will have to be reversed?

2. Did the trial court abuse its discretion in not invalidating the judgment under the allegation of ineffective assistance of counsel?

We will answer the second contention first. Appellants contend the failure of their counsel to properly object to certain instructions and to file a motion and grounds for new trial, coupled with other failures, shows conclusively that they were inadequately represented. We believe their position in this respect is untenable. First and foremost the trial court upon hearing found that they had adequate representation. The testimony before the court upon that hearing consists of the testimony of the attorney who represented them during the course of the trial. Appellants themselves did not testify nor did they introduce any other witnesses. From the testimony before the trial court we cannot say that the trial court erred in overruling their motion in this respect. When we review the original record we do find, however, that counsel did not make specific objections to certain instructions and did not file a motion and grounds for new trial. However, these isolated instances do not in themselves indicate inadequate counsel. They could have been a matter of trial strategy. Since it

was possible for both appellants to receive the death penalty, it is conceivable that counsel purposely did not ask for a new trial for, in a new trial, they would have been again subjected to the possibility of a death sentence. We are cognizant of the rule that where a trial is a mockery or a farce it cannot be said that the accused had adequate representation of counsel, but we find no such trial before us here. Wahl v. Commonwealth, Ky., 396 S.W.2d 774, Cert. Den., 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed. 2d 687.

We next deal with appellants' contention that the trial court committed error in the course of the trial for which the judgment should be reversed. They contend that they did not have counsel at arraignment. Without going into the fact of whether counsel was present at arraignment, we have held in Collins v. Commonwealth, Ky., 433 S.W.2d 663 (1968), that absence of counsel at arraignment would not constitute grounds for relief under RCr 11.42. We note the appellants entered a plea of not guilty and, therefore, their rights were in no way affected. Under our rules of criminal procedure, arraignment is not a critical stage of the trial unless, of course, the accused enters a plea of guilty without benefit of counsel. They further allege that counsel was appointed only two days prior to trial and this was inadequate time to prepare a defense. The record recites that appellants were brought back to Morehead from the Clark County jail two days prior to trial. It does not indicate when counsel was appointed.

Appellant Parrish states in his application for RCr 11.42 that counsel was appointed six days before trial. Trial counsel Paul Blair testified that there was about a week from the time of his appointment until the scheduled time for trial. He further testified that he talked to the appellants in a room in the Rowan County courthouse and further stated that he had adequate consultation with his clients. This would ap-

pear to destroy the contention that their counsel did not have adequate time to prepare.

Their further contention is that the trial court erred when it held a conference with counsel outside their presence relative to a motion for continuance. We have previously held that the accused has no right to be present during pretrial motions. See Thomas v. Commonwealth, Ky., 437 S.W.2d 512 (1968).

Their objection to the instructions goes only to the length of sentence that the jury was authorized to impose.

KRS 433.140, in providing for punishment for the offense of armed robbery, states that the penalty may be confinement in the penitentiary for not less than ten years or for life or by death. We interpret this to mean the jury may impose confinement in the penitentiary for anywhere from ten years to life. The instruction given by the trial court in this case only authorized the jury to fix punishment at death or confinement in the penitentiary for life or confinement in the penitentiary for ten years. The instruction did not authorize the fixing of years from ten to life. Therefore, the instruction was erroneous.

However, insofar as Cochran is concerned, he was not prejudiced by the instruction since he received the minimum sentence of ten years. Parrish made no objection to the instruction nor was it raised by a motion and grounds for new trial. We have previously held that where an erroneous instruction is not objected to and the question is not raised in motion and grounds for new trial it is waived. See Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964).

Judgment affirmed.

All concur, except STEINFELD, J., who was not sitting.