CALOGERO, Justice.
Robert Scott, defendant, was tried before a jury on the charge of having distributed a controlled dangerous substance, to wit, heroin, in violation of La.R.S. 40:966. Scott was found guilty, was sentenced to serve ten years at hard labor, and was fined one hundred dollars.
*251 Scott appeals his sentence and conviction relying upon errors that are discoverable by a mere inspection of the pleadings and without inspection of the evidence.[1] No bills of exceptions were perfected.
On August 6, 1972, one O. D. Lewis, in cooperation with two officers of the Shreveport Police Department, purchased heroin from Scott. Based upon this incident, a warrant was prepared for Scott’s arrest, and stockpiled with others for later execution in a mass drug offender roundup. The arrest actually occurred on December 5, 1972.
On December 19, 1972, Scott, accompanied by his retained counsel, entered a plea of not guilty, and the matter was scheduled for trial on February 5, 1973.
The date for the defendant’s trial was changed because on the scheduled date a case which had priority over defendant’s case commenced trial. Defendant's retained counsel was present and agreed to the change. Defendant was not present, being in custody at a facility away from the courthouse. The sheriff had been ordered to have him present for trial, but through some mix up had failed to have him there.
The State was granted a continuance. Thereafter, on February 7, 1973, a trial by jury was had and a verdict was returned finding the defendant guilty as charged. Defendant was assigned counsel to represent him in this appeal.
Defendant asserts that it was error to reset his trial date without his being present as the crime with which he was charged was a felony and he had a right to be present at all stages of the proceedings. This assertion is without merit. The morning of February 5, 1973 when defendant’s trial was initially scheduled, was no crucial stage of the prosecution inasmuch as the case was not called for trial, but rather continued. Consequently, defendant’s presence was not required, by either Constitutional or statutory necessity. Defendant suffered no harm in any of his rights by not being present at the resetting of the trial date. Had he been present the trial could not have been held. The two day delay in no way worked a prejudice to this defendant.
Defendant asserts that his counsel incompetently represented him by not filing any motions or reserving any bills of exceptions. State v. Flanagan, 254 La. 100, 222 So.2d 872 (1969), dealt with a similar situation. The defendant there had two retained attorneys and they did not timely file any bills of exceptions. In that case this Court stated:
“While the Sixth Amendment[2] to the Constitution of the United States does guarantee an accused the right “to have the Assistance of Counsel for his de-fence,” and the Fourteenth Amendment [3] guarantees the protection from unequal or discriminatory treatment of an accused, it appears in the record that defendant was represented by two able counsel' of his own choice who defended him vigorously throughout the eleven day trial in a competent and resourceful manner, reserving 108 bills of exception. Clearly, therefore, counsels’ representation in this case cannot be considered *252 merely perfunctory as held in Bell v. Alabama, 5 Cir., 367 F.2d 243, or a farce or mockery of justice as held in Grove v. Wilson, 9 Cir., 368 F.2d 414.”
From the record there is no indication that the defendant’s trial counsel failed to exercise the best of his professional judgment or that he conducted the trial in an inadequate manner. Therefore, defendant’s second assertion is without merit.
Further, defendant claims error asserting that some seventy members of the petit jury venire were dismissed by either the Court or the Sheriff of Caddo Parish, Louisiana, without defense counsel having an opportunity to question the dismissed jurors to ascertain their availability or qualifications to serve on the trial jury. Minute entries show that the trial judge excused thirty-four of the members of the jury venire for “good and sufficient reasons”. See Article 403 of the Code of Criminal Procedure.[4]
The Sheriff’s returns regarding thirty-six of the petit jury veniremen, had notations upon them, “unable to serve.” Counsel, in reaching for error implies in oral argument that the notations could mean that the Sheriff having found those veniremen determined himself that they were unable to serve as jurors.
With only this implication and without a better showing by defendant, we believe that the entry indicates, as it normally does, that the Sheriff was unable to actually serve notices upon these veniremen.
There being no errors discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence, for the reasons assigned the conviction and sentence are affirmed.

. Louisiana Code oí Criminal Procedure, Article 920(2).

. “In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation ; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in bis favor and to have the Assistance of Counsel for his defence.”

.“Section 1 — * * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws * * * ”

. Art. 403. Exemption from jury service. The following persons are exempt from jury service, but the exemption is personal to them and is not a ground for challenge:
(1) The governor, lieutenant governor, state comptroller, state treasurer, secretary of state, superintendent of public education, their clerks and employees, the members, officers, and clerks of the legislature, and the judges and active officers of the several courts of this state;
(2) Any other public official, if jury service would seriously interfere with the performance of his official duties;
(3) Attorney-at-law, peace officers, ministers of the gospel, phs'sicians and dentists actively engaged in the practice of their pro-
fessions, school teachers, school bus drivers, pharmacists, members of paid fire departments, chiefs and their first assistants of bona fide volunteer fire departments, and persons who are required to travel regularly and routinely in the course and scope of their employment ;
(4) Persons who because of age, sickness, or other physical infirmity would suffer serious detriment if required to serve as a juror; and
(5) Persons who have served as grand or petit jurors in criminal cases or as trial jurors in civil cases during a period of three years immediately preceding tlieir selection for jui'y service.
Amended by Acts 1908, No. 108, § 1. Source: Former R.S. 15 :174, 13 :3042.