540 A.2d 847

**Eugene Louis LECKLITER, Jr.**

**v.**

**STATE of Maryland.**

**No. 1205, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

May 6, 1988.

Certiorari Denied Aug. 29, 1988.

Lisa Ann Kershner, Assigned Public Defender (Alan H. Murrell, Public Defender and Isaac S. Kershner, Assigned Public Defender, on the brief), Baltimore, for appellant.

Kreg Paul Greer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Alexander Williams, Jr., State's Atty. for Prince George's County and Kathleen A. Evans, Asst. State's Atty. for Prince George's County, on the brief, Upper Marlboro), for appellee.

Argued before MOYLAN, BLOOM and POLLITT, JJ.

POLLITT, Judge.

Eugene Louis Leckliter, Jr., the appellant, was involved in an altercation with one David Wilson in the latter's estranged wife's apartment. There was evidence from which a jury could find that Wilson had been severely beaten with a "billy club." After a three day trial, interrupted by a weekend and Memorial Day Holiday, a Prince George's County jury convicted appellant of assault with intent to disable and carrying a deadly weapon. From the judgments entered on those convictions, he appeals, presenting a single question for our review, which he states as:

Did the court authorized separation of the jury after deliberations had begun, effected without admonishment and without appellant's and defense counsel's knowledge, constitute reversible error?

Perceiving no prejudicial error, we shall affirm.

The record shows that the case was submitted to the jury for deliberation on Tuesday, May 26, 1987, at 11:17 a.m. When the court reconvened, without the jury, at 2:14 p.m., defense counsel advised the court:

I saw the foreman of the jury and the gentleman next to him eating lunch together at the Store. Apparently the

Court, or someone at the Court's direction allowed them to go to lunch without the defendant being present and therefore, allowing them to separate during a period that was my impression, that the case had been submitted to the jury for them to deliberate. It is my impression from reading the cases that it is in the Court's discretion to let them go or not and that is based upon the Rule 4–311(c) and the Courts and Judicial Proceedings, 8–304.

After expressing his belief that he should have had an opportunity to object to the separation, he said:

I would like to indicate on the record that I became aware of it only ex post facto. I don't know what instruction was given to the jury and I believe an instruction was given to them outside the hearing of the defendant.

I would like to know what instruction was given them so we might place it on the record, and would make a motion for a mistrial at this time.

After further legal argument, the following colloquy occurred:

THE COURT: Mr. [defense counsel], I don't mind listening to any arguments you want to give me, but since that case, the Maryland Rules give the Court the discretion to be unsequestered during the period of sequestion [sic].

Now, are you saying that I abused my discretion?

[COUNSEL]: Yes, sir, I think you allowed the jury to go without asking the defendant if he had objection for them to go.

THE COURT: Why should I ask the defendant if he has any objection at all? When I have the discretion. Suppose he says yes, I object, judge.

Fine, your objection is for the record, but I am still going to let them go to lunch and, that is what happened.

Counsel then shifted the focus of his inquiry to what instructions may have been given the jury when it was allowed to separate, stating:

... I think that the defendant has an absolute right to be present at any instruction the Court may give to a jury and that is why it is important that he be present when the Court exercise[s] its discretion.

The court responded:

No instructions were given to the jury. I have standing instructions to my bailiff, if the jury is deliberating and it goes to the lunch hour, and they knock and say I want to go to lunch, he says fine. Go to lunch and be back within the hour. And recommence your deliberations. I gave them no instructions. But that is the standard.

You asked me to tell you what instructions that were given. I am telling you the only thing they were told to do, if you want to go to lunch, go to lunch and be back in an hour.

Counsel then questioned the propriety of allowing the jury to separate without specific admonitions not to discuss the case and "not to deliberate separately."

THE COURT: I think the record will show at the beginning of this case and at the recess of this case on Thursday, I told the jurors that they were not to discuss commencing [sic] the case among themselves, they were not to discuss it with anybody else, they were not to let anybody discuss this case with them until they retired to commence their deliberations. I don't think it is necessary for the Court, every time you recess, to repeat that instruction. So be that as it may, you have your motion for a mistrial. Your motion is denied.

Counsel made no proffer that the jurors had, while separated, discussed the case, either between themselves or with any other person. He did not, either then or when the jury later returned with a verdict, ask to voir dire the jury to determine if any impropriety had in fact occurred.

At the subsequent argument on motion for a new trial, the matter was raised again.

[COUNSEL]: Your Honor, the jury went out for deliberation. I was over at the delicatessen during delibera-

tion, and I saw two members of the jury outside of the jury room taking lunch. I didn't know what they were discussing. I brought it to the attention of the Court. It is my impression that the Court, by allowing the jury to break, it was predidicual [sic] for my client.

THE COURT: I let them break for lunch.

[COUNSEL]: While they were deliberating. Yes, Sir, Your Honor.

THE COURT: But you have no indication that they were discussing the case?

[COUNSEL]: No, Sir.

THE COURT: Hearing no good reason, your motion is denied.

We observe that on at least five occasions during the trial the jurors were admonished. Before opening statements, they were told, among other things:

When you recess, don't discuss this case among yourselves one on one; two jurors getting together and talk about the case. No jurors should talk about this case to other jurors, unless all jurors hear what you are saying. That is why you are not to discuss the case until I give it to you and you go to the jury room and start to deliberate. Then that is the time to start discussing about the case.

They were told not to discuss the case with any other persons at any time during any recesses in the trial until "after the case is all over." Similar admonitions were given them before each overnight recess, before luncheon recess on the second day, and before an afternoon recess during the second day of trial. For instance, prior to lunch on the second day of trial, the jurors were told:

During the recess, do not discuss the case with yourselves or let anybody else talk to you about it and, be back in the box at 1:30. You are now excused for lunch. Leave your pads there.

We think it is clear that the jurors understood their duties and, in the absence of evidence to the contrary, we assume they followed the court's instructions.

Appellant acknowledges that Rule 4–311(c) provides:

The court, either before or after submission of the case to the jury, may permit the jurors to separate or require that they be sequestered.

He posits, nonetheless, that reversal is mandated in this case because (1) the court failed to exercise proper judicial discretion; (2) appellant was denied the effective assistance of counsel; and (3) appellant was denied his right to be present when the decision to allow the jury to separate was made. Before discussing those issues, we examine the history of Rule 4–311(c).

In *Magwood v. State*, 46 Md.App. 668, 420 A.2d 1253 (1980), we held that, absent an emergency, a jury in a criminal case could not be separated during its deliberative process unless the record affirmatively showed the personal consent of the accused. That holding was followed in *Leach v. State*, 47 Md.App. 611, 425 A.2d 234, *cert. denied*, 290 Md. 717 (1981), cited by appellant, but there we held there was no error because the record demonstrated that "the appellant knew that he had a right to insist that the jury remain sequestered and that he knowingly waived that right and consented to the separation of the jury." 47 Md.App. at 625, 425 A.2d at 241. Our holding in *Magwood* was reversed by the Court of Appeals in *State v. Magwood*, 290 Md. 615, 432 A.2d 446 (1981).

The Court of Appeals observed that the facts of that case made it unnecessary to decide whether a defendant was entitled to be present when the decision to allow the jury to separate was made. It held that, if such a right existed, it was not one that could only be waived by the defendant personally. It acknowledged that earlier cases had recognized certain differences between separating the jury during the evidentiary stage of trial and during deliberations,

but was critical of the lack of logic supporting those distinctions.[1]  At the same time, the Court recognized that Maryland Code (1974, 1980 Repl.Vol.) § 8–304 of the Courts and Judicial Proceedings Article provided:[2]

> The jurors sworn to try a criminal action may, at any time before the submission of the case to the jury, in the discretion of the court, be permitted to separate or may be kept in charge of proper officers.

*State v. Magwood, supra,* 290 Md. at 619–20, 432 A.2d at 448.

As the Court observed in *Midgett v. State,* 223 Md. 282, 292–93, 164 A.2d 526, 532 (1960), *cert. denied,* 365 U.S. 853, 81 S.Ct. 819, 5 L.Ed.2d 817 (1961), that statute, first enacted by Ch. 385 of the Acts of 1935, originally applied to both civil and criminal cases, but was amended by Ch. 399 of the Acts of 1957 to delete the reference to civil cases after the Court adopted former Rule 543 a 8 effective January 1, 1957.[3]

---

**1.**  Hundreds of cases throughout the country draw such distinctions as whether the case is civil or criminal; whether the separation is before the trial starts, during the trial or after it is submitted; whether the trial is for a misdemeanor, a non-capital felony or a capital case; whether the parties have consented, either expressly or by silence; and whether the circumstances show a probability of exposure of the jury to improper influences.  Courts also differ on whether prejudice is presumed or must be demonstrated by the complaining party.  Many of the cases are decided on the basis of a particular statute or rule.  *See, e.g.,* Separation of Jury Before Presentation, Annot., 72 A.L.R.3d 100 (1976); Separation of Jury During Trial, Annot., 72 A.L.R.3d 131 (1976); Separation of Jury After Submission, Annot., 72 A.L.R.3d 248 (1976); Criminal Case—Separation of Jury, Annot., 4 A.L.R.Fed. 310 (1970); Jury—Separation After Submission, Annot., 77 A.L.R.2d 1086 (1961); Separation of Jury in Criminal Case, Annot., 21 A.L.R.2d 1088 (1952), supplementing 34 A.L.R. 1115 and 79 A.L.R. 821.

**2.**  We note that the current provision, Maryland Code (1974, 1984 Repl.Vol.) § 8–304 of the Courts and Judicial Proceedings Article is identical to that cited in *State v. Magwood.*

**3.**  Former Rule 543 a 8, except for the elimination of a reference to criminal cases, tracked the then statute, Article 51, § 26, 1951 Code, the predecessor to Courts and Judicial Proceedings Article § 8–304.

*State v. Magwood, supra,* was decided on July 2, 1981. Shortly thereafter, *and as a direct result thereof,* the Court of Appeals drafted a new Rule 543 a 8, applicable to civil cases, and a new Rule 751 e, applicable to criminal cases.[4] Those Rules were adopted, on an emergency basis, on November 13, 1981, effective January 1, 1982, and now appear without substantial change as Rule 2–511(c) as to civil actions and Rule 4–311(c), as to criminal actions. Thus the Court has now made clear beyond question that the rules concerning jury sequestration are precisely the same in both civil and criminal cases and as to all stages of the trial.[5] As to civil cases, it is generally accepted that a verdict will not be set aside, absent particular prejudicial circumstances, because a jury separated during the deliberative process. *See* Separation or Dispersal of Jury In Civil Case After Submission, Annot., 77 A.L.R.2d 1086, 1089 (1961). As to criminal cases, the rule is the same for capital cases, for non-capital felonies and for misdemeanors. *Midgett, supra,* 223 Md. at 293, 164 A.2d at 532.

## I

### Judicial Discretion

Appellant's first argument is bifocal. He asserts that "[a] standing policy essentially providing for the self-executing separation of the jury upon its request to the bailiff, without provision or mechanism to trigger a judicial review," is an abdication and not an exercise of judicial discretion. We agree that the essence of discretionary power in a trial court is "that the judgment and discretion must be exercised in solving the exact problem of the law,

---

**4.** *See* Standing Committee on Rules of Practice and Procedure file materials on former rules 751 e and 543.

**5.** *See State v. Calhoun,* 306 Md. 692, 717, 511 A.2d 461, 473 (1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1339, 94 L.Ed.2d 528 (1987) (where the Court refers to the civil rule in holding the issue of whether to sequester a jury in a capital case is left to the discretion of the trial court).

upon all the considerations which properly enter into the problem, and form it." *Williamson v. State*, 284 Md. 212, 214–15, 395 A.2d 496, 497 (1979) (quoting *Lee v. State*, 161 Md. 430, 441, 157 A. 723, 727 (1931)). We think the decision to permit separation is more properly made on an *ad hoc* basis rather than by a standing order.[6] We note, however, that this particular issue was neither presented to nor decided by the trial court and we need not consider it. Rule 1085. Furthermore, to be discussed *infra*, there has been absolutely no showing of prejudice.

Appellant next asserts, assuming the separation was an exercise of discretion, the failure of the court to admonish the jurors *at that time* was an abuse of discretion.

■ Although neither the statute nor the rules require admonitions to the jurors prior to separation, it is established practice and entirely proper that they be cautioned against discussing the case with others, or among themselves except during deliberations. As we have seen, the court admonished them on several occasions during the trial that they should not discuss the case unless all jurors were present; that they should not discuss the case with any other persons; and that they should not permit any other persons to discuss the case with them. We think the objectives sought by the usual admonitions were sufficiently expressed and substantially accomplished. *Midgett, supra*, 223 Md. at 295, 164 A.2d at 533. Furthermore, there is absolutely no indication that those admonitions were not followed. No attempt was made to establish that the two jurors observed having lunch discussed the case either between themselves or with any other person. We see no possible prejudice. *See Evans v. State*, 304 Md. 487, 515–16, 499 A.2d 1261, 1275–76 (1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 3310, 92 L.Ed.2d 723 (1986).

---

**6.** There will be occasions when, due to excessive publicity surrounding a case or other factors, the trial court may be well advised to require sequestration. We do not suggest the presence of such factors in this case.

■ We observe that the better practice is that the exercise of such discretion be in open court in the presence of the judge, the parties and counsel.

## II

### Denial of Effective Assistance of Counsel

■ The right to counsel is one of the constitutional safeguards of the Sixth Amendment, extended to the states by the Fourteenth Amendment, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and is guaranteed by Article 21 of the Maryland Declaration of Rights. If the defendant has a constitutional right to be present when jury separation is permitted, to be discussed *infra,* undoubtedly he has a constitutional right to the effective assistance of counsel at such time. As we shall see, however, the Court of Appeals clearly stated in *State v. Magwood, supra,* that any right of presence which might exist under such circumstances is not of constitutional stature. We conclude, therefore, there is no Sixth Amendment right to have counsel present when a jury is allowed to separate.

## III

### Right of Presence

■ In *State v. Magwood, supra,* the Court of Appeals found it unnecessary to decide whether a defendant is entitled to be present when the decision to allow the jury to separate is made. Consequently, the Court "intimate[d] no view with respect to this question." *Magwood, supra,* 290 Md. at 619, 432 A.2d at 448. The Court did say, however, that if such a right exists it is not one of those "fundamental" constitutional rights that can be waived only by the defendant personally. *See Williams v. State,* 292 Md. 201, 218, 438 A.2d 1301, 1309 (1981). Whether a particular event is a "stage of the trial," at which a defendant has a right to be present by virtue of Rule 4–231(b) depends not only on *when* the event occurred but also on *what* was involved.

*Porter v. State,* 289 Md. 349, 353, 424 A.2d 371, 374 (1981). If, in fact, the decision to allow separation was a "standing order" of the trial court, that decision was made before trial, much like the pre-trial conference resulting in a decision to allow jury separation during trial, held not a stage of the trial in *Veney v. Warden,* 259 Md. 437, 454, 271 A.2d 133, 143 (1970). We think that the making of that decision, which is wholly within the discretion of the trial judge, is more in the nature of an "administrative" or "housekeeping" measure where the defendant's presence is not required. *See Hughes v. State,* 288 Md. 216, 421 A.2d 69 (1980); *Bunch v. State,* 281 Md. 680, 381 A.2d 1142 (1978); and cases there cited. There was no communication between court and jury with regard to "any matter pertaining to appellant's guilt or innocence, or to the fairness of his trial." *Tisdale v. State,* 41 Md.App. 149, 157, 396 A.2d 289, 294 (1979).

We think the facts of this case are strikingly similar to those in *Kennard v. State,* 177 Md. 549, 10 A.2d 710 (1940). There a bastardy indictment, a quasi-criminal proceeding, was tried before a jury. While the jurors were deliberating, and without the knowledge or consent of either the defendant or his counsel, the court "sent word" to them by the bailiff that when they reached a verdict they "could separate and get their dinners" and then come back and deliver the verdict. *Id.* at 552, 10 A.2d at 711. When counsel learned what had occurred, he objected to the receipt of the verdict. His objection was overruled and a guilty verdict returned. Subsequent motions for new trial and to arrest the judgment were denied. The Court of Appeals upheld the conviction, notwithstanding the fact that separation of the jury after submission was then prohibited by the predecessor to Maryland Code (1974, 1984 Repl.Vol.) § 8–304 of the Courts and Judicial Proceedings Article (which the Court did not mention), and notwithstanding the absence of the defendant and his counsel. The Court held that, in the absence of a showing of prejudice, the judgment must be

affirmed. While that holding was limited to misdemeanors, a distinction based on the gravity of the crime is no longer viable.

## IV

### Lack of Prejudice

■ In *State v. Magwood, supra,* the Court of Appeals established that the ancient common law doctrine prohibiting jury separation is not such an integral part of the right to trial by jury that sequestration has constitutional status. The decision as to jury separation is wholly within the discretion of the trial judge and, absent abuse of discretion *and* an affirmative showing of prejudice, that decision will not be questioned. *Magwood, supra,* 290 Md. at 624, 432 A.2d at 451. *See also Grandison v. State,* 305 Md. 685, 719, 506 A.2d 580, 597 (1986); *Evans v. State, supra; Veney v. Warden, supra; Midgett v. State, supra; La-Guardia v. State,* 190 Md. 450, 58 A.2d 913 (1948); *Gordon v. State,* 14 Md.App. 245, 286 A.2d 833, *cert. denied,* 265 Md. 737 (1972); *Graef v. State,* 1 Md.App. 161, 228 A.2d 480, *cert. denied,* 246 Md. 755 (1967).

> There is nothing in the record that suggests, much less establishes, any influence or tampering—overt or accidental. Further, when they returned to deliberate, the appellant did not ask the court to voir dire the jurors to ascertain if any impropriety had in fact occurred. Error will not be presumed from a silent record. Rule 1085. We perceive no basis to conclude that the court abused its discretion by separating the jury panel.

*Zeller v. Greater Baltimore Med. Center,* 67 Md.App. 75, 91, 506 A.2d 646, 655 (1986). *Cf. Presley v. State,* 224 Md. 550, 168 A.2d 510 (1961), *cert. denied,* 368 U.S. 957, 82 S.Ct. 399, 7 L.Ed.2d 389 (1962).

JUDGMENT AFFIRMED; APPELLANT TO PAY COSTS.